UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

QUINTIENE D. CAMPBELL,

                Plaintiff,

v.

TRACY J. FALLON et al.,

                Defendants.

_____/

Case No. 2:25-cvv-222

Honorable Sally J. Berens

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.9.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility and the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. Plaintiff sues Defendants RGC Classification Director Tracy J. Fallon, LMF Warden Douglas Tasson, and LMF Housing/Deputy Unknown Party #1 in their official and personal capacities. (ECF No. 1, PageID.2.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that while he was confined at RGC in the first week of September 2024, he went to Defendant Fallon's office to be classified. (ECF No. 1, PageID.3.) Defendant Fallon allegedly told Plaintiff that, based on the time he had served and the fact that he had only had two minor misconduct tickets, he qualified for level II placement. (*Id.*) Defendant Fallon further stated that any departure from this by placing Plaintiff in a more volatile and violent level IV housing unit would present a risk to Plaintiff's safety. (*Id.*) However, Defendant Fallon then falsely stated that due to Plaintiff's maximum outdate, he would have to be placed in level IV housing. (*Id.*)

Plaintiff states that between that date and November 19, 2024, he wrote several kites to Defendant Fallon, stating that other inmates who had maximum out dates that were later than Plaintiff's and who had served less time were being placed in level II security housing. (*Id.*) Defendant Fallon never responded to Plaintiff's kites. (*Id.*, PageID.4) On November 22, 2024, Plaintiff was sent to LMF, which is one of the most dangerous level IV facilities in the MDOC. (*Id.*)

On November 23, 2024, an "unknown prison official employed by Alger Correctional Facility"[2] placed Plaintiff in a cell with "Inveterate Predator A. Fletcher," who had 35 points, a management level of 5, and a long history of violence including stabbing other inmates and substance abuse. (*Id.*) Plaintiff's management level was a 1 and "he was a prefix – meaning new admissions and a possible victim due to his lack of knowledge of the inherent dangers of the prison environment." (*Id.*)

On December 7, 2024, after rounds and while Plaintiff was asleep on the bottom bunk, Inmate Fletcher attempted to pull off Plaintiff's shorts. (*Id.*, PageID.5.) Plaintiff awoke and asked

---

[2] Although Plaintiff does not specifically state the identity of the prison official, Plaintiff appears to be referring to LMF Housing/Deputy Defendant Unknown Party #1.

Inmate Fletcher what he was doing and Inmate Fletcher told Plaintiff that he wanted to perform oral sex on him. (*Id.*) Plaintiff ran to the cell door, removed the paper that Inmate Fletcher had placed over it, and banged on the door and screamed for help. (*Id.*) Inmate Fletcher then sucker punched Plaintiff in his right ear, causing him to feel dazed. (*Id.*) Inmate Fletcher subsequently punched Plaintiff two more times before Plaintiff could "curl up." (*Id.*) Inmate Fletcher continued to beat Plaintiff for the next 45 minutes while telling Plaintiff to acquiesce to his sexual advances, or Plaintiff would get "shot to the moon." (*Id.*)

Eventually Deputy Harger, not a Defendant, heard Plaintiff and opened the cell door, telling Plaintiff to cuff up. (*Id.*, PageID.5–6.) Deputy Harger told Plaintiff that she knew he had not been the aggressor, and Plaintiff was placed in protective custody. (*Id.*) Plaintiff did not receive a ticket for the incident. (*Id.*, PageID.5.)

Plaintiff states that because of this incident, he suffers from permanent hearing loss in his right ear and has to wear hearing aids. (*Id.*) Plaintiff also suffers from debilitating mental health issues which affect his daily life. (*Id.*)

Plaintiff asserts that Defendants violated his Eighth Amendment rights and seeks compensatory damages and an injunction compelling Defendant Tasson to implement panic/emergency buttons in all level IV units. (*Id.*, PageID.8–9.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity, in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment

6

immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks monetary damages against each of the named Defendants. (ECF No. 1, PageID.9.) However, as noted above, the MDOC is not a "person" who may be sued under section 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Therefore, Plaintiff's official capacity claims for damages are properly dismissed.[3]

### B.    Eighth Amendment

Plaintiff claims that Defendants violated his rights under the Eighth Amendment when they placed him in a cell with a predatory prisoner, who subsequently assaulted Plaintiff. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability

---

[3] Plaintiff seeks only monetary damages against Defendants Fallon and Unknown Party #1, but is seeking both monetary and injunctive relief against Defendant Tasson in the form of an order requiring Defendant Tasson to implement panic/emergency buttons in all level IV units at LMF. (ECF No. 1, PageID.9.)

under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street*, 102 F.3d at 814; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

### 1.    Defendant Fallon

Plaintiff asserts that Defendant Fallon violated the Eighth Amendment when she classified him to be housed in level IV housing even though she knew it would place Plaintiff at risk. To satisfy the subjective component of an Eighth Amendment claim, Plaintiff must show that Defendant Fallon had reason to believe that another inmate would assault Plaintiff and had both the opportunity and means to prevent the assault. *Davis v. Chorak*, 624 F. Supp. 3d 870, 880 (W.D. Mich. 2022) (citing *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013)), *aff'd*, No. 22-1839, 2023 WL 2487339 (6th Cir. Mar. 14, 2023). "An Eighth Amendment claim will not lie when a plaintiff fails to allege that another inmate threatened him and that he communicated those threats to prison officials." *Id.* at 880–81 (citing *Beard v. Horton*, No. 2:22-cv-5, 2022 WL 620640, at *6 (W.D. Mich. Mar. 3, 2022) (dismissing failure-to-protect claim because "[n]othing from the complaint ... allows the Court to infer that Defendants were aware that the two inmates would 'jump' Plaintiff"); *Sweeting v. Erdos*, No. 1:20-cv-290, 2020 WL 1957356, at *3 (S.D. Ohio Apr. 23, 2020), *report and recommendation adopted*, 2020 WL 3971548 (S.D. Ohio July 14, 2020) (dismissing failure-to-

8

protect claim for failure to state a claim because the plaintiff had not "alleged facts that plausibly suggest that any defendant was aware that defendant Wes presented a substantial risk of harm to plaintiff"); *Mosquera v. Delgado*, No. 4:09CV1402, 2010 WL 2010973, at *4 (N.D. Ohio Apr. 30, 2010), *report and recommendation adopted*, 2010 WL 2010969 (N.D. Ohio May 20, 2010) ("When an inmate fails to allege that he received specific threats and that he communicated those specific threats or fears to prison personnel, the Complaint fails to state an Eighth Amendment claim for failure to protect." (citing *Harrison v. Burt*, No. 08-CV-12089, 2008 WL 5062808 (E.D. Mich. Nov. 25, 2008)))).

Plaintiff's allegations against Defendant Fallon fail to support a plausible Eighth Amendment claim. Plaintiff asserts that Defendant Fallon knew that placement in level IV housing would result in Plaintiff being exposed to inmates who were volatile and potentially violent. However, Plaintiff fails to allege any facts showing that Defendant Fallon had any specific knowledge that Plaintiff would be attacked by another inmate if classified as a level IV prisoner. Because Plaintiff's allegations regarding the conduct of Defendant Fallon fail to rise to the level of deliberate indifference, his Eighth Amendment claim against Defendant Fallon is properly dismissed.

## 2.    Defendant Unknown Party #1

Although Plaintiff does not specifically identify Defendant Unknown Party #1, Plaintiff appears to be referring to the "unknown prison official" who was responsible for placing Plaintiff in the cell with Inmate Fletcher, who subsequently assaulted Plaintiff. Plaintiff asserts that Defendant Unknown Party #1 breached his duty to Plaintiff and that "his/her acts were either reckless or his/her thoughtless disregard was equivalent to a flagrant failure to report." (ECF No. 1, PageID.7.)

As stated above, to state an Eighth Amendment claim, Plaintiff must show that Defendant Unknown Party #1 had reason to believe that another inmate would assault Plaintiff and also had both the opportunity and means to prevent the assault. *Davis*, 624 F. Supp. 3d at 880 (citing *Burgess*, 735 F.3d at 475). Plaintiff asserts that he was placed in a cell with Inmate Fletcher, who was an "inveterate predator." (ECF No. 1, PageID.4.) Plaintiff states that neither a COMPAS (Correctional Offender Management Profiling for Alternative Sanctions) or PREA score was used to determine compatibility. (*Id.*) Plaintiff alleges that Inmate Fletcher had 35 points and a long history of violence, including stabbing other prisoners and substance abuse. (*Id.*) Plaintiff asserts that, in contrast, he had a management level of 1 and was a "prefix" meaning that he was a new admission who could possibly be a victim because of lack of knowledge about the prison environment. (*Id.*)

The Court notes that although Plaintiff alleges that Inmate Fletcher had a history of violence and substance abuse, he does not allege any facts showing that Defendant Unknown Party #1 had reason to believe that Inmate Fletcher would assault Plaintiff if placed in the same cell. Plaintiff fails to allege facts showing that he had any personal history with Inmate Fletcher, or that Inmate Fletcher had threatened him prior to his placement in a cell with Inmate Fletcher. A past history of violence, without more, is not sufficient to show that an inmate is likely to assault a particular inmate. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Plaintiff fails to allege any facts showing that Defendant Unknown Party #1 knew or should have known that Plaintiff would be assaulted by Inmate Fletcher and that he was deliberately indifferent to the likelihood of Plaintiff being assaulted. Therefore, Plaintiff's allegations against Defendant Unknown Party #1 do not rise to the level of an Eighth Amendment violation.

### 3.    Defendant Tasson

Plaintiff fails to allege facts showing that Defendant Tasson had specific knowledge of Plaintiff's situation or involvement with Plaintiff's cell assignment. Instead, Plaintiff asserts that Defendant Tasson's failure to implement panic/emergency buttons in level IV housing created unreasonably dangerous conditions which violated the Eighth Amendment. (ECF No. 1, PageID.7–8.)

The Court notes that the fact that a prison official is aware that a facility houses many violent prisoners and that prison violence occurs is not sufficient to constitute deliberate indifference. *Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). Although Defendant Tasson was in a position to monitor the conditions at LMF, the failure to lessen the threat of violence by implementing specific security measures, such as panic/emergency buttons, does not rise to the level of wantonness that is required to find an Eighth Amendment violation. *Id.* Therefore, Plaintiff fails to state a claim against Defendant Tasson.

### <u>Conclusion</u>

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00

appellate filing fee pursuant to § 1915(b)(1). *See McGore*, 114 F.3d at 610-11.

     A judgment consistent with this opinion will be entered.


Dated:   <u>October 31, 2025</u>          <u>/s/ Sally J. Berens</u>
                                               SALLY J. BERENS
                                             United States Magistrate Judge